**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4330

MICHAEL BOYD,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-96-535)

Submitted: November 18, 1997

Decided: January 22, 1998

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John D. Elliott, Columbia, South Carolina, for Appellant. Scarlett
Anne Wilson, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Boyd appeals from his conviction for aiding and abetting in both the obstruction of interstate commerce and aiding the use of a firearm during a crime of violence under 18 U.S.C.§§ 2, 1951(a) (1994) and 18 U.S.C.A. § 924(c) (West 1997). We affirm.

Boyd's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that the appeal is without merit, but raising two potential issues for appeal. First, he relays Boyd's assertion that he did not actually possess the gun used in the offense and therefore cannot be guilty under the Supreme Court's definition of use in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492). Second, he draws attention to the district court's decision to depart downward in Count I, but not Count II, of Boyd's conviction.

Our review leads us to conclude that these issues are meritless. Addressing the "use" claim, we find that the conduct to which Boyd pled guilty--aiding and abetting in a robbery during which his co-defendant brandished a gun--constitutes "use" as that term has been defined by the Supreme Court in Bailey. Further, Boyd stated that he was aware that his co-defendant planned to use a gun to effect the robbery. Boyd is thus responsible for this criminal action under 18 U.S.C. § 2. See Busic v. United States, 446 U.S. 398, 410-11 (1980) (explaining that once defendant is found guilty as principal under § 2, co-defendant's gun becomes defendant's gun).

Turning to the departure issue, we note that the denial of a request for a downward departure is reviewable only if the district court mistakenly believed that it lacked the authority to depart. See United States v. Underwood, 970 F.2d 1336, 1338 (4th Cir. 1992). Nothing in the sentencing hearing indicates such a mistake on the part of the district court, and accordingly we do not review its decision not to depart from the mandatory five-year sentence for Count II.

Pursuant to Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm Boyd's sentence and

2

conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3